15856. McCLURE REALTY & INVESTMENT COMPANY *v.* EUBANKS.

Where a lease contract provides that the lessee "shall pay all bills for street or sidewalk improvements, repairs on said building, water, lights, and all bills of whatsoever nature during the life of this lease, and that the [lessor] shall receive net . . the sum of seventy-five dollars per month in advance," it does not unequivocally appear therefrom that the lessee contracts to become liable for all taxes chargeable against the rented premises during the term of the lease.

DECIDED SEPTEMBER 17, 1925.

Complaint; from Fulton superior court—Judge Ellis. June 27, 1924.

*George Westmoreland, Weltner & Sims,* for plaintiff in error.
*Little, Powell, Smith & Goldstein,* contra.

STEPHENS, J. The successors in title to a lessor brought suit, after the termination of the lease, against the lessee, to recover a certain sum which represented taxes accruing against the rented premises during the term of the lease, which taxes the plaintiffs had paid. The trial court construed the lease as, by its terms, unequivocally obligating the lessee to pay all taxes chargeable against the rented premises during the term of the lease, and directed a verdict for the plaintiffs.

The lease contains the following provision: "It is distinctly agreed and understood between the parties hereto that the said McClure Realty and Investment Company shall pay all bills for

street or sidewalk improvements, repairs on said building, water, lights, and all bills of whatsoever nature during the life of this lease, and that the said Mrs. J. C. Fuller [the lessor] shall receive net to her the said sum of seventy-five dollars per month in advance." It does not unequivocally appear from the terms of the lease that, in computing such "net" rental, the amount due as taxes should be chargeable against the lessee. Since the lease expressly provides that charges for street or sidewalk improvements, which are made by governmental authority, are chargeable against the lessee, the lease is susceptible to the construction that other charges imposed by governmental authority, such as taxes, which are not referred to in the lease, are not, by the terms of the lease, made chargeable against the lessee. This is true although charges for street and sidewalk improvements are denominated in the lease as "bills," and although it is provided in the lease that "all bills of whatsoever nature" are chargeable against the lessee. Taxes, *not being usually characterized as debts, are not necessarily included in the term "bills."* See, in this connection, *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (53 S. E. 251). On the other hand, assessments for street and sidewalk improvements, being for special benefits accruing to particular property, may more appropriately be denominated as "bills."

It not unequivocally appearing from the terms of the lease, unaided by extrinsic matter, that the lessee was liable for the taxes accruing against the rented premises, the trial court erred in construing the lease as being unambiguous and as, by its terms, obligating the lessee to pay the taxes. Since there was no extrinsic evidence in aid of such construction, the verdict directed by the court was unauthorized by the evidence.

The petition set out a cause of action and was not subject to the demurrers interposed.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*